IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER L. PARKER,
#S07242,

Petitioner,

vs.

JEFF KORTE,

Respondent.                                               Case No. 16-cv-0908-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Christopher Parker, who is currently incarcerated in Western Illinois Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1), in order to challenge his 2009 conviction and sentence for criminal sexual assault in Jersey County Circuit Court (Doc. 1, pp. 1-20). He was sentenced to five years and three months in the Illinois Department of Corrections ("IDOC"), followed by mandatory supervised release ("MSR") for a term of three years to life (*id.*). Parker claims that he has now served more time than he "a[g]reed to," but he remains incarcerated because of a statewide "turnaround policy" that requires parole-eligible inmates with no suitable host site to serve out their MSR term in prison (*id.* at 7, 9). In connection with this claim, Parker now asks this Court to declare 730 ILCS § 5/5-8-1(d)(4)[1] unconstitutional, terminate his remaining MSR term, and order his release from custody (*id.* at 8).

---

[1] This statute sets an MSR range of three years to life for any defendant who commits criminal sexual assault in Illinois. 730 ILL. COMP. STAT. § 5/5-8-1(d)(4).

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the § 2254 Petition and exhibits filed by Parker,[2] the Court concludes that he is not entitled to relief, and the instant § 2254 Petition shall be **DISMISSED**.

## I.  Background

Parker was charged with two counts of criminal sexual assault, predatory criminal sexual assault, and criminal sexual abuse in Jersey County Circuit Court. He ultimately pleaded guilty to one count of criminal sexual assault in violation of 720 ILCS § 5/12-13(a)(2) on June 24, 2009 (Doc. 1, pp. 1-19). Parker was sentenced to a term of five years and three months of incarceration, followed by a mandatory supervised release term of three years to life (*id*. at 1-2, 23). He did not file a timely motion to withdraw this guilty plea or appeal the judgment of conviction (*id*. at 2).

However, he filed other post-conviction petitions and motions (*id*. at 3). On June 29, 2010, for example, Parker filed a post-conviction petition, which the

---

[2] This includes a review of the following documents filed by Parker: (1) § 2254 Petition (Doc. 1, including Exhibits A-1 through A-4); (2) Case History (Doc. 6); (3) Memorandum of Law (Doc. 7, including Exhibits B-1 through B-20); and (4) Exhibits C, D, E, and F (Docs. 9-10).

trial court denied on July 13, 2010. *See Parker v. Roeckman*, No. 13-cv-0206-DRH-CJP (S.D. Ill. 2013) (Doc. 60, pp. 2-3) (summarizing post-conviction proceedings). Parker appealed this decision but voluntarily dismissed the appeal on April 1, 2011 (*id.* at 3).

Also in 2010 and 2011, Parker filed a second post-conviction petition, a motion to reconsider the same, a motion to withdraw his guilty plea, and a motion for relief from judgment, each of which was denied. Parker appealed the denial of two of these motions but, again, sought voluntary dismissal of his appeals. In November 2012, he sought leave to file a habeas petition in the Illinois Supreme Court, but this request was also denied (*id.*).

Parker instead filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this District on February 18, 2013. *See Parker v. Roeckman*, No. 13-cv-0206-DRH-CJP (S.D. Ill. 2013) (Doc. 1) ("first § 2254 Petition"). He raised a single claim in the first § 2254 Petition, *i.e.*, Parker's statutorily-imposed MSR term was unconstitutional ("Claim 1") (Docs. 1, 8, first § 2254 Petition). He was later granted leave to bring a second claim, *i.e.*, Parker's constitutional rights were violated when he was questioned at the age of seventeen outside the presence of a parent, legal guardian, or lawyer ("Claim 2") (Docs. 24, 29, first § 2254 Petition). He was also granted leave to raise a third claim, *i.e.*, Parker's constitutional rights were violated when he was forced to serve his term of MSR in

prison because a suitable host site was unavailable[3] ("Claim 3") (Docs. 33, 40, first § 2254 Petition).

This Court granted the Respondent's motion to dismiss the first § 2254 Petition on July 14, 2014 (Docs. 36, 60, first § 2254 Petition). The Court concluded that Claims 1 and 2 were time-barred under § 2244(d)(1)(A) and dismissed both of these claims with prejudice (Doc. 60, pp. 4-9, first § 2254 Petition). The Court concluded that Claim 3 was unexhausted and dismissed the third claim without prejudice (*id.* at 9-13). The Court declined to issue a certificate of appealability (*id.* at 13-14).

Ten days later on July 24, 2014, Parker filed a petition for relief from judgment with the state trial court (*see* Doc. 7-2, p. 8). In it, Parker claimed that he was not informed at the time of entering a guilty plea "that if [he] could not find a 'host site' [he] would not have an outdate from IDOC'" (*id.*). Parker requested permission to withdraw his guilty plea and also asked that the state trial judge recuse himself from the post-judgment proceedings. Both requests were denied one week later (*id.* at 9). Parker filed a motion to reconsider on August 27, 2014, arguing that he was "not getting the bargain on [his] plea" because he remained incarcerated with no definite release date after serving seven years (*id.*). His motion was denied the same day.

Parker filed an appeal, which is now pending. In it, he raises two claims. First, Parker asserts that the trial court's *sua sponte* dismissal of his petition for

---

[3] In his second § 2254 Petition and related filings, Parker asserts that he was not allowed to bring this claim in his first habeas action and that his first § 2254 Petition was denied because of an impending release date. Both of these statements are patently false.

relief from judgment less than thirty days after its filing was premature, and the trial court committed reversible error when it denied Parker's motion for substitution of judge (*id.* at 10-16). Parker's court-appointed appellate counsel filed the opening brief in the appeal on July 22, 2016. Less than one month later, Parker filed his second § 2254 Petition in this District.

## II.     Habeas Petition

In his second § 2254 Petition, Parker again challenges the constitutionality of his MSR term, in light of the "turnaround policy," on due process grounds under the Fifth and/or Fourteenth Amendments, ineffective assistance of counsel grounds under the Sixth Amendment, and as constituting cruel and unusual punishment under the Eighth Amendment (Doc. 1, pp. 9, 11, 17). In doing so, Parker attempts to revive Claim 1 (*i.e.*, that his statutorily-imposed MSR term was unconstitutional) and Claim 3 (*i.e.*, that his constitutional rights were violated when he was forced to serve his term of MSR in prison because no suitable host site was available) from his first § 2254 Petition.

## III.     Discussion

The second § 2254 Petition must be dismissed. Parker has already brought a § 2254 Petition in this Court to challenge the constitutionality of his MSR term on due process grounds (Claim 1, first § 2254 Petition). On July 14, 2014, this Court dismissed this claim as time-barred (*see* Doc. 60, first § 2254 Petition). The dismissal was *with* prejudice (*id.* at 14). Parker is now foreclosed from raising this claim again in his second § 2254 Petition.

Parker was not foreclosed from bringing a constitutional challenge to his continued incarceration based on the operation of the "turnaround policy" (Claim 3, first § 2254 Petition). The Court previously dismissed Claim 3 *without* prejudice because it was clear from Parker's first § 2254 Petition that the claim was unexhausted (Doc. 60, pp. 9-13, first § 2254 Petition). The Court explained that state court remedies remained available to Parker:

> [W]hen determining whether a petitioner has exhausted his state court remedies, "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993). Here, Parker could file a mandamus action in the state court, and he was required to do so before filing his federal habeas petition even if he expected the state court to rule against him. *See Neville v. Walker*, 878 N.E.2d 831 (Ill. App. Ct. 2007) (reviewing denial of inmate's mandamus action challenging the IDOC's refusal to release him to MSR); *Armato v. Grounds*, 944 F. Supp. 2d 627, 635 (C.D. Ill. 2013) (suggesting habeas corpus and claim of false imprisonment are other available remedies (citing *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985))). *See also White*, 990 F.2d at 342 ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably").

(*id*. at 12, first § 2254 Petition). Once Parker completed one full round of state court review with respect to Claim 3, the Court explained that he was free to file a new federal habeas petition (*id*. at 13).

This Court further determined that it was unnecessary to stay the first habeas action while Parker returned to state court because "there is no danger that his claim w[ould] be rejected as time-barred if he [chose] to refile in federal court after properly exhausting his state remedies" (*id*. at 13) (citing *Dolls v.*

*Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) (holding district court has discretion to consider staying habeas action while petitioner exhausts state remedies if dismissal would foreclose federal habeas review because of lapse of one-year limitations period). *See also Cox v. McBride*, 279 F.3d 492, 493-94 (7th Cir. 2002) (the limitations period of § 2244(d) does not apply to petitions contesting administrative decisions).

Despite the passage of two years since this Court dismissed the first § 2254 Petition, Parker has still not exhausted his state court remedies with respect to Claim 3. He filed a petition for relief from judgment. An appeal of the decision denying this petition is pending. The ink on the opening brief in this appeal barely dried before Parker, proceeding *pro se*, filed his second § 2254 Petition. But Parker has still not complied with the exhaustion requirement under 28 U.S.C. § 2254(b)(1).

He has also failed to show cause and prejudice for his failure to exhaust. *See* 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). The Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and even give rise to an independent due process claim under the Fourteenth Amendment. *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process). Parker describes no inordinate or unjustifiable delay in his appeal that is attributable to anyone other than his own attorney. *See, e.g., Harris v.*

*Champion*, 938 F.2d 1062 (10th Cir. 1991) (4-year delay in briefing appeal excused state habeas petitioner from exhausting his state remedies). He has also not raised a Fourteenth Amendment due process claim as it relates to the ineffective assistance of his appellate defender in his second § 2254 Petition. In light of these facts, the Court finds that Parker's second § 2254 Petition meets with the same fate as his first § 2254 Petition.

### IV. Pending Motions

Parker's Motion to Add Exhibits (Doc. 10) is **GRANTED**. The Court considered the additional exhibits (*i.e.*, Exhibits E and F, among others) offered by Parker in the course of rendering this decision.

In light of the Court's decision to dismiss Parker's second § 2254 Petition, Parker's Motion to Suspend Sentence (Doc. 3), Motion for Oral Arguments (Doc. 8), and Motion for Bail (Doc. 11) are **DENIED**.

Parker's Motion for Leave to File Second 28 U.S.C. § 2254 Petition (Doc. 12) for Habeas Corpus is **DENIED** as **MOOT**. It is not necessary to seek this Court's permission to file the instant habeas action, nor is it helpful to do so three weeks after filing the second § 2254 Petition.

Parker's Motion to Stay Proceedings (Doc. 13) is **DENIED**, consistent with the above discussion.

### V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice to any

other habeas petition or civil rights action that Parker wishes to file. Claim 1 remains **DISMISSED** with prejudice, and Claim 3 is **DISMISSED** without prejudice. Claim 2, which Parker raised in his first § 2254 Petition, was previously dismissed with prejudice and not included in the second § 2254 Petition.

Should Parker desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* This petition has been dismissed without prejudice because Parker failed to exhaust his state court remedies prior to filing his § 2254 petition. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote,* 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his

appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, no reasonable jurist would find it debatable whether this Court's ruling on the failure to exhaust state judicial remedies was correct. Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

DATED: September 16, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.16 15:38:28 -05'00'

_____
**DISTRICT JUDGE**
**United States District Court**